# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# AT COVINGTON

| | | |
|---|---|---|
| **BM2 FREIGHT SERVICES, INC.** | : | Case No. 2:25-cv-231-DLB-CJS |
| 50 E. Rivercenter Blvd. | : | |
| Covington, KY 41011 | : | **Judge** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **COMPLAINT** |
| **BRIAN LIPSKY** | : | |
| 1355 Sunburst Lane | : | |
| Northbrook, IL 60062 | : | |
| | : | |
| and | : | |
| | : | |
| **STEVEN SCHNEIDER** | : | |
| 22920 N. Ridgewood Ln. | : | |
| Kildeer, IL 60047 | : | |
| | : | |
| Defendants. | : | |

For its Complaint against Defendants Brian Lipsky ("Lipsky") and Steven Schneider ("Schneider") (collectively, "Defendants"), Plaintiff BM2 Freight Services, Inc. ("BM2 Freight" or "Plaintiff") states as follows:

## INTRODUCTION

This is an action for breach of contract; specifically, Defendants' breach of their employment agreements containing confidentiality, non-solicitation and non-competition provisions. Plaintiff seeks judgment against Defendants for its compensatory damages, attorneys' fees, and costs, as authorized by their respective employment agreements with BM2 Freight.

## PARTIES, JURISDICTION, AND VENUE

1. BM2 Freight is a Kentucky corporation with its principal place of business located in Covington, Kentucky. BM2 Freight does business as a freight services and brokerage company throughout the United States, Canada and Mexico.

2. Lipsky, a former employee of BM2 Freight, is an individual who resides in Northbrook, Illinois.

3. Schneider, a former employee of BM2 Freight, is an individual who resides in Kildeer, Illinois.

4. This Court has personal jurisdiction over Defendants under the Kentucky long-arm statute, K.R.S. § 454.210, because, among other things: Defendants entered into written employment agreements with Plaintiff and expressly consented to personal jurisdiction here in such agreements; and, upon information and belief, Defendants have transacted business and contracted to supply goods and services in Kentucky.

5. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between Plaintiff and Defendants.

6. Venue is proper in this Court because certain facts and circumstances which gave rise to Plaintiff's claims occurred here, where Plaintiff is based and suffered damages. Moreover, BM2 Freight and Defendants agreed in their employment agreements that all disputes must be brought and maintained in the state or federal courts located in Kenton County, Kentucky.

## FACTUAL BACKGROUND

7. As a full-service transportation solutions provider, BM2 Freight offers full-truckload (van, flatbed and refrigerated) freight, LTL (less than load) freight, air/ocean imports

and exports, intermodal, and expedited services throughout the contiguous 48 United States, Canada and Mexico. BM2 Freight employs unique, confidential, and proprietary business strategies and methods it has developed over time to cultivate business, particularly with respect to shippers (the company's customers) and carriers.

8. On or about September 24, 2019, Lipsky became employed by BM2 Freight as an account manager. As a condition of his employment with the company, Lipsky and BM2 Freight entered into and signed the BM2 Freight Services, Inc. Employment Agreement, a copy of which is attached as Exhibit A.

9. On or about October 28, 2019, Schneider became employed by BM2 Freight as an account manager. As a condition of his employment with the company, Schneider and BM2 Freight entered into and signed the BM2 Freight Services, Inc. Employment Agreement, a copy of which is attached as Exhibit B (collectively, the Lipsky and Schneider Agreements are heretofore referred to as the "Employment Agreements").

10. As account managers, Defendants were responsible for connecting shippers with responsible contract motor carriers, which includes negotiating rates with shippers as well as carriers, managing the movement of freight, and resolving any issues that may arise during shipment.

11. In Section 2(a) of their Employment Agreements, Defendants acknowledged that they would obtain access to BM2 Freight's "Protected Information," as defined therein. In Section 2(b) of the Employment Agreements, Defendants further agreed to maintain the secrecy of the company's Protected Information and not to disclose or use that information without authorization:

> . . . the Employee shall not during the term of this Agreement, or at any time thereafter, (i) disclose, directly or indirectly, any Protected Information to any

3

person other than the Company or its authorized employees or agents, or (ii) use any Protected Information, directly or indirectly, for his own benefit or for the benefit of any other person or entity.

12. As employees of BM2 Freight, Defendants did, in fact, receive access to and knowledge of BM2 Freight's "Protected Information" such as trade secrets and confidential/proprietary information, including but not limited to: customer lists; details about existing and ongoing customer shipments and practices; pricing; and BM2 Freight's proprietary and unique way of establishing relationships and contacts with customers, generating sales, and doing business.

13. The Protected Information is proprietary to BM2 Freight because it has invested significant time and money over the years to develop that information, which is not known by BM2 Freight's competitors. BM2 Freight guards the secrecy of its Protected Information by, among other things, providing access only to those employees on a need-to-know basis and by taking precautions to not disclose the information to its competitors, including by guarding the Protected Information electronically via password. Further, all of the Protected Information provides economic value to BM2 Freight.

14. In Section 3 of their Employment Agreements, Defendants agreed not to solicit BM2 Freight's customers and employees during the course of their employment and for a period of one (1) year following termination.

15. In Section 4 of their Employment Agreements, Defendants agreed not to become employed by or otherwise engage in the solicitation of any transportation intermediary business during the course of their employment and for a period of one (1) year following termination.

16. As employees of BM2 Freight, Defendants had a contractual and common law duty of loyalty to their employer which required them to carry out their employment duties in good faith and not to the detriment of BM2 Freight.

17. Lipsky resigned his position with BM2 Freight and worked his last day on September 11, 2024.

18. Schneider resigned from BM2 Freight and worked his last day on December 5, 2024. When he resigned, Schneider falsely claimed during his exit interview that he planned to start a technology company with his dad and brothers.

19. In June 2025, BM2 Freight became aware that Defendants were employed by a competing logistics company called USA Brokerage LLC of Northbrook, Illinois. Although that company is not registered to do business with the Illinois Secretary of State, the Federal Motor Carrier Safety Administration ("FMCSA") previously granted USA Brokerage LLC a property broker license on August 31, 2020, revoked that license on September 29, 2022, and subsequently reinstated the license on December 5, 2024.

20. Upon information and belief, USA Brokerage LLC is a direct competitor of BM2 Freight.

21. Upon information and belief, Defendants have worked for or otherwise owned and operated USA Brokerage LLC since leaving BM2 Freight.

22. Upon information and belief, Lipsky solicited Schneider to join USA Brokerage LLC, and Lipsky and Schneider solicited Reed Smith, another former BM2 Freight employee, to join USA Brokerage.

23. Upon review of its customer accounts after discovering Defendants' employment with or ownership of USA Brokerage LLC, BM2 Freight discovered that its business with

customers previously serviced by Defendants had noticeably declined or stopped after their resignation and continued to decline following their departure.

24. Upon information and belief, the decline in BM2 Freight's business was a direct and proximate result of Defendants' violation of the confidentiality, non-solicitation and noncompetition provisions of their Employment Agreements.

25. BM2 Freight has suffered damages in the form of lost profits in excess of $75,000 as a result of Defendants' breach of their Employment Agreements.

## COUNT I
## BREACH OF CONTRACT (LIPSKY)

26. Plaintiff restates the allegations of the foregoing paragraphs as if fully rewritten herein.

27. Since his resignation on September 11, 2024, and continuing through 2024 and into 2025, Lipsky breached his Employment Agreement by, among other things: working for or with a direct competitor of BM2 Freight; contacting and soliciting BM2 Freight's customers and working to divert business from BM2 Freight for the collective financial benefit of Defendants and USA Brokerage LLC; and contacting and soliciting BM2 Freight's employees to leave the company and join him at USA Brokerage LLC.

28. Lipsky further breached his Employment Agreement by misappropriating and using BM2 Freight's Protected Information, including customer contact and business information, and sharing that information with USA Brokerage LLC.

29. Lipsky's actions were done with the intent to gain a competitive advantage and to direct business away from BM2 Freight.

30. BM2 Freight has fully performed under its Employment Agreement with Lipsky, including fully paying Lipsky for all compensation and benefits due and owing to him during his employment tenure.

31. As a direct and proximate result of Lipsky's breach of the Employment Agreement, BM2 Freight has suffered and will suffer damages in an amount to be proven at trial more than $75,000.

32. BM2 Freight has incurred and will continue to incur attorneys' fees and expenses to enforce the Employment Agreement against Lipsky, all of which are recoverable from Lipsky under Section 7(d) of the Employment Agreement.

## COUNT II
## BREACH OF CONTRACT (SCHNEIDER)

33. Plaintiff restates the allegations of the foregoing paragraphs as if fully rewritten herein.

34. Since his resignation on December 5, 2024, and continuing through 2024 and into 2025, Schneider breached his Employment Agreement by, among other things: working for or with a direct competitor of BM2 Freight; contacting and soliciting BM2 Freight's customers and working to divert business from BM2 Freight for the collective financial benefit of Defendants and USA Brokerage LLC; and contacting and soliciting BM2 Freight's employees to leave the company and join him at USA Brokerage LLC.

35. Schneider further breached his Employment Agreement by misappropriating and using BM2 Freight's Protected Information, including customer contact and business information, and sharing that information with USA Brokerage LLC.

36. Schneider's actions were done with the intent to gain a competitive advantage and to direct business away from BM2 Freight.

37. BM2 Freight has fully performed under its Employment Agreement with Schneider, including fully paying Schneider for all compensation and benefits due and owing to him during his employment tenure.

38. As a direct and proximate result of Schneider's breach of the Employment Agreement, BM2 Freight has suffered and will suffer damages in an amount to be proven at trial more than $75,000.

39. BM2 Freight has incurred and will continue to incur attorneys' fees and expenses to enforce the Employment Agreement against Schneider, all of which are recoverable from Schneider under Section 7(d) of the Employment Agreement.

**WHEREFORE**, Plaintiff BM2 Freight Services, Inc. requests that the Court enter judgment in its favor and against Defendants Brian Lipsky and Steven Schneider, as follows:

A. Enter judgment in favor of Plaintiff and against Defendant Brian Lipsky on Count I of the Complaint and award Plaintiff compensatory damages in an amount to be proven at trial but more than $75,000, plus Plaintiff's costs and attorneys' fees, as authorized by the Employment Agreement;

B. Enter judgment in favor of Plaintiff and against Defendant Steven Schneider on Count II of the Complaint and award Plaintiff compensatory damages in an amount to be proven at trial but more than $75,000 plus Plaintiff's costs and attorneys' fees, as authorized by the Employment Agreement;

C. Award Plaintiff its costs of this action; and

D. Grant Plaintiff such other, further and different relief to which it may be entitled under the law.

Respectfully submitted,

/s/ Robert A. McMahon
Robert A. McMahon (0064319)
Eberly McMahon Copetas LLC
2245 Gilbert Ave. Suite 101
Cincinnati, OH 45206
 (513) 533-3441
 (513) 533-3554 Fax
bmcmahon@emclawyers.com
*Attorney for Plaintiff*
*BM2 Freight Services, Inc.*